SUMNER T. DUNHAM, Respondent, *v.* JOHN J. RINGROSE and ISRAEL B. VAN HOUSEN, Appellants.

*Default — a refusal to open a third judgment by default in the same action is an exercise of discretion which will not be interfered with on appeal.*

An action, the plaintiff in which was an assignee for value of a claim against sureties on an undertaking upon an appeal (the remedies against the original judgment debtors having been exhausted), was three times reached on the Circuit calendar, and judgment by default taken against the defendants. The first two defaults were opened and the judgment set aside, but a motion to open the last default and set aside the judgment was denied.

On appeal from the order denying such motion,

*Held,* that the judge at Special Term, in denying the motion, exercised his discretion wisely.

APPEAL by the defendants, John Ringrose and Israel B. Van Housen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 17th day of April, 1893, denying the defendants' motion to open their default and set aside the judgment entered thereupon.

*Jay K. Smith,* for the appellants.

*Clark Bell,* for the respondent.

O'BRIEN, J. :

If the rule of law that there should be an end to litigation is not an obsolete one, then should it be applied to the facts here appearing? The defendants' attorney, who was the principal debtor, has, by procuring the substitution of sureties, the giving of an undertaking, the assignment of a mortgage as collateral, and, above all, by dilatory motions and an equity action, succeeded in preventing the collection of a debt, originally evidenced by a promissory note given for value, and which, after a protracted litigation, carried twice to the General Term on appeals from orders, it was adjudged he should pay.

Upon one of such appeals the undertaking was given by the defendants which is the subject of this action.

With a final judgment in his favor, secured by an undertaking upon appeal, and after exhausting the remedy by execution against the judgment debtors, it would seemingly present a case where a creditor might reasonably expect satisfaction of his claim against the sureties. Not so in this instance, for the defendants' attorney, having but sharpened his appetite in the first action, found ample food to sustain him in a guérilla warfare which he has successfully waged for more than two years. Having tired out Taylor, the original judgment creditor, the latter assigned the judgment and undertaking to this plaintiff for what is sworn to by the latter to have been a valuable consideration. In this suit against the sureties on the undertaking, the execution of the undertaking, the recovery of judgment and notice to defendants are admitted ; but, by way of defense, it is claimed that in a transaction between Andrew K. Smith, one of the sureties on the original note, and Taylor, the latter had extended the judgment, on receiving an assignment of a mortgage

as additional security, to March 14, 1891, when, upon payment of the claim, the judgment and mortgage were to be reassigned to Andrew K. Smith ; and if not paid in cash, that the mortgage was to be accepted by Taylor as a satisfaction of or as a consideration for the assignment of his judgment. In passing, it may be said cash was not paid on March 14, 1891.

The case was placed on the short cause calendar for trial, and when reached, the defendant not appearing, a judgment in plaintiff's favor was had. Thereupon defendants moved to open the default, and asked for a stay until the final determination of an action brought by Andrew K. Smith to compel an assignment of the judgment upon the same state of facts set up by way of defense in this action. So much of the motion as asked for a stay was denied, but the default was opened upon terms, the judge ordering the case again on the short cause calendar for trial.

Upon a motion to bring in this plaintiff as a defendant in the Smith suit, and for an order enjoining the trial of this action until the determination of that, a preliminary stay was granted, but upon the hearing it was vacated and an order was made making Durham (this plaintiff) a defendant in that action but without prejudice to this action.

Again placed on the short cause calendar, this action was again reached for trial, but, defendants absenting themselves, plaintiff recovered judgment in May, 1892. A motion to open this default was made and another preliminary stay obtained. Again the stay was vacated, but the default opened upon terms.

The explanation of defendants' course is to be found in the fact that by suffering these defaults and by obtaining intermediate temporary stays, they obtained what they sought and what the court had refused them, viz., a trial first of the Smith suit against this plaintiff and Taylor. Though tried no decision was given, and though three judges had decided that this should not prejudice this plaintiff's action against these defendants, another temporary stay was obtained until the hearing of a motion returnable December 27, 1892.

Dates are now important. This cause was again reached for trial on December 16, 1892, and was postponed upon an express stipulation by defendants that it should be tried or a judgment suffered on

the twenty-third. On December twenty-third, no one appearing for defendants, a default was taken and for the third time a judgment entered, and thereafter, on the same day, the stay upon the motion made returnable on the twenty-seventh was served on plaintiff's attorney.

This prevented any further action until January, 1893, when the decision in the Smith suit was handed down, dismissing the complaint on the merits. Thereupon this plaintiff, as he had the right to do, proceeded to enforce his judgment by issuing execution, but before he obtained a return from the sheriff the defendants obtained another stay and made another motion to open the default of December twenty-third, and it is from a denial of this last motion that this appeal is taken.

We have thus gone over the successive steps taken in the two actions because they render further comment unnecessary. The same attorney who, as said, was the principal debtor, appeared throughout, and is entitled to the credit of having successfully held off this plaintiff for two years in a simple action that could be tried in an hour, even if we assume that the transactions between Andrew K. Smith and Taylor were available in this action between these parties.

Having been beaten in the Smith equity suit, he can, as was therein suggested, if unsuccessful on his appeal, obtain an adequate remedy at law. But whether he can or not, he has exhausted his remedies in this action, and we think that the discretion was wisely exercised by the judge at Special Term in denying the motion to open the last default, and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

FOLLETT and PARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.